IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAZMINA E. VILLEGAS,

       Plaintiff,

v.                                                                   No. 13-cv-0233 SMV

CAROLYN W. COLVIN,
Acting Comm'r of SSA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Decision [Doc. 18] ("Motion"), filed on September 6, 2013. The Commissioner responded on November 1, 2013. [Doc. 20]. Plaintiff filed no reply, and the time for doing so has passed. *See* [Doc. 17]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 15]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the ALJ impermissibly ignored a portion of the treating physician's opinion. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## I.  Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity;" *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Id.*

## II.  Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on February 19, 2009.  Tr. 19.  Plaintiff alleged a disability onset date of June 16, 2008.  *Id.*  Her claims were denied initially and on reconsideration.  *Id.*  Plaintiff requested a hearing before an ALJ.  *Id.*  ALJ Mary Elizabeth Johnson held a hearing on July 26, 2012.  *Id.*  ALJ Johnson conducted the hearing from Shreveport, Louisiana.  *Id.*  Plaintiff and her attorney, Richard Fischer, appeared in El Paso, Texas.  Tr. 19, 40.  The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Cornelius J. Ford, who also appeared in El Paso, Texas.  Tr. 19, 41–57.

The ALJ issued her unfavorable decision on September 20, 2011.  Tr. 19–28.  At step one, she found that Plaintiff had not engaged in substantial, gainful activity since June 16, 2008, the alleged onset date.  Tr. 21.  Next, at step two, she found that Plaintiff suffered from the following severe impairments:  asthma and bipolar disorder.  *Id.*  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 21–23.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 23–26.

> [Plaintiff has] the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can understand, carry out, and remember simple (not complex or detailed) instructions and use judgment to make simple,

> work-related decisions with few variables. She can interact with supervisors and co-workers on an incidental basis with no interaction with the general public. She can have no more than moderate exposure to concentrations of pulmonary irritants such as fumes, vapors, gases, and dust.

Tr. 23.

At step four, the ALJ found that Plaintiff was not able to perform any of her past relevant work. Tr. 26. Accordingly, she proceeded to step five, where she relied on testimony by the VE to find that, based on Plaintiff's age, education, work experience, and RFC, she was capable of performing other jobs that exist in significant numbers in the national economy. Tr. 26–27.

Ultimately, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act, and she denied the claims. Tr. 28. The Appeals Council denied Plaintiff's request for review on November 1, 2012. Tr. 3−5. Plaintiff filed the instant action on March 11, 2013. [Doc. 1].

As an initial matter, the Court notes that Plaintiff was required to file her action in federal court within 60 days after notice of the Appeals Council's decision was mailed to her, *see* 42 U.S.C. § 405(g), plus an additional five days for mailing, 20 C.F.R. § 422.210(c). The Appeals Council's decision was mailed to Plaintiff on November 1, 2012. Tr. 3–5. Adding five days for mailing, she had 65 days, or until January 7, 2013, to initiate her action in this Court. She did not file her action until March 11, 2013. [Doc. 1]. However, the 60-day time limit in § 405(g) represents a statute of limitations, which is waivable. *Matthews v. Eldridge*, 424 U.S.

319, 328 n.9 (1976). It is not jurisdictional. *Id.* Because the Commissioner has not raised the issue, she has waived it. Thus, the Court will review the Motion on its merits.

### III.    Analysis

Remand is required for proper consideration of Dr. Berkowitz's opinion. Although the ALJ properly rejected one portion of the opinion and properly adopted another portion, she impermissibly ignored a third portion. On remand, the Commissioner must consider and discuss this third portion.

#### A.  Plaintiff fails to show any reversible error in the ALJ's evaluation of two portions of the treating physician's opinion.

Plaintiff urges that the ALJ impermissibly failed to determine whether the opinion of her treating psychiatrist, Dr. Berkowitz, opinion was entitled to controlling weight; that the ALJ failed to apply the required factors in assigning weight to the treating physician's opinion; that she did not give good reasons for her findings; and that she impermissibly rejected one part of the doctor's opinion while adopting a second part. [Doc. 18-1] at 7–11. The Commissioner responds that the ALJ, in fact, applied the correct legal standards and that the decision should be affirmed. [Doc. 20] at 3–10.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual

examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

Treating physician opinions—in order to receive controlling weight—must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and must be weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c). However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two steps. First, the ALJ must find that the opinion (a) is not supported by medical evidence and/or (b) is not consistent with the record. Second, the ALJ must still give deference to the opinion

and weigh it according to the factors listed above.  Like all findings, an ALJ's findings in these two steps must be supported by substantial evidence.

In this case, the ALJ accorded "great weight" to one portion of Dr. Berkowitz's opinion and "little weight" to another portion.[3]  Tr. 25.  The ALJ explained that the unconvincing portion was "clearly contrary to the medical evidence of record and to Dr. Berkowitz's findings . . . ." Tr. 25.  She then weighed the opinion as a whole according to the some of the *Watkins* factors.  *Id.*  She found that Dr. Berkowitz had been treating Plaintiff since 2002 "with sufficient frequency to inform the psychiatrist on [Plaintiff's] mental impairments, *id.*, which corresponds to the first and fifth factors.  She found that a portion of his opinion was not consistent with the record as a whole, nor consistent with Dr. Berkowitz's own records, *id.,* which corresponds to the third and fourth factors.  The ALJ further explained that the portion was suspect because it "gave no explanation [for its inconsistency with the doctor's other records] in the form of a narrative," *id.,* which corresponds to the third factor.  The Court finds that the ALJ sufficiently applied the *Watkins* factors and that there is no error.

Plaintiff argues that the ALJ's reason—inconsistency with the record—was "merely conclusory," [Doc. 18-1] at 9, and that the ALJ erred in neither explaining how the medical opinion was inconsistent with Dr. Berkowitz's own records and inconsistent with other medical evidence, nor citing any contrary evidence, *id.* at 10.  To the extent that Plaintiff is arguing that

---

[3] Specifically, the ALJ gave "great weight" to the treating physician's opinion that Plaintiff had "satisfactory-to-unlimited ability to understand, remember, and carry out very short and simple to detailed instructions; get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; interact appropriately with the general public; and respond appropriately to criticism from supervisors and to deal with normal work stress is not precluded." Tr. 25. The ALJ gave "little weight" to the treating physician's opinion that Plaintiff had marked difficulties in maintaining social functioning and in maintaining concentration, persistence, or pace. *Id.*

the finding is not supported by substantial evidence, the Court is not persuaded. Before this Court, Plaintiff has the burden to show a lack of substantial evidence. She has not done so.

Plaintiff further argues that the ALJ impermissibly adopted one portion of Dr. Berkowitz's opinion while rejecting another. [Doc. 18-1] at 10–12. "An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Id.* at 10–11 (quoting *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004)). The Commissioner argues that "it is not per se error for the ALJ to accept a portion of a treating physician's opinion while rejecting other portions." [Doc. 20] at 9 (citing *Pirtle v. Astrue*, 479 F.3d 931, 934 (8th Cir. 2007)). The Commissioner concludes that the ALJ "had no choice but to 'pick and choose' from among the conflicting conclusions [in Dr. Berkowitz's opinion]." *Id.* The Court is persuaded by the Commissioner's argument.

It is well-settled in our circuit that an ALJ may not "pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Robinson*, 366 F.3d at 1083. However, the error, if any, is not the ALJ's adopting some portions of a medical opinion and rejecting others, but rather, in the ALJ's failing to *explain* her thought process. *See id.* (remanding where the ALJ relied on one portion of a treating physician's opinion but "failed to provide any explanation of how he assessed the weight of the [opinion]."); *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (remanding for further proceedings where the ALJ failed to explain why he "adopted some of [the limitations expressed by a consultative examiner] but not others"); *Martinez v. Astrue*, No. 10-5097, 422 F. App'x 719, 725 (10th Cir. April 6, 2011) (unpublished) (applying

9

*Robinson* and *Haga* and holding that "the ALJ may have had his reasons for giving portions of [the medical] opinion 'great weight,' but then disregarding other, probative portions of [the] opinion. However, before doing so, the ALJ was required to discuss why he ignored this evidence.") (internal citations omitted).

Here, the ALJ explained that she gave little weight to certain portions of Dr. Berkowitz's opinion because they were inconsistent with the doctor's own treatment records and with the other medical evidence of record. Tr. 25. The Court finds that these reasons satisfy *Robinson* and *Haga*. Moreover, Plaintiff does not challenge the substantial evidence supporting these reasons. Accordingly, there is no reversible error on this issue.

B.  The ALJ impermissibly ignored a third portion of the treating physician's opinion.

Finally, Plaintiff argues that the ALJ impermissibly ignored a portion of Dr. Berkowitz's opinion, failing to discuss it at all, and making findings contrary to it. [Doc. 18-1] at 11–12. Dr. Berkowitz opined that Plaintiff suffered from the following:

> Medically documented history of a chronic organic mental, schizophrenic, etc., or affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activity, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Three or more episodes of decompensation within 12 months, each at least two weeks long.
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate.

10

Tr. 986.  Despite these express opinions by Plaintiff's treating physician, the ALJ found that there was "no evidence" on these issues.  Tr. 23.  The ALJ then made findings contrary to Dr. Berkowitz's opinion, and based her ultimate decision of non-disability, in part, on these findings.  *See id.*  Plaintiff argues that the ALJ erred in ignoring this evidence, which "suggest[ed] an opposite conclusion."[4]  [Doc. 18-1] at 10 (quoting *Salas v. Chater*, 950 F. Supp. 316, 319 (D.N.M. 1995)).  Plaintiff is correct.  Remand is required for consideration of the quoted portion of Dr. Berkowitz's opinion.

## IV.   Conclusion

Remand is required for proper consideration and discussion of Dr. Berkowitz's opinion.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse or Remand Administrative Decision [Doc. 18] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[4] The Commissioner does not respond to this argument.  *See* [Doc. 20].